IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZANNIE JAY LOTHARP,           )
                              )
         Plaintiff,           )
                              )
      v.                      )        1:23CV881
                              )
EXECUTIVE OFFICE FOR U.S.     )
ATTORNEYS,                    )
                              )
         Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Zannie Jay Lotharp, a federal prisoner who was previously convicted of drug charges in this Court in case 1:19CR448-1, submitted a pro se complaint and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Executive Office for United States Attorneys as the only Defendant in the case and seeks $4,000,000 in damages, together with his release from prison.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity);

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary damages from a defendant with immunity from such relief.

The Complaint itself contains very little other than conclusory legal jargon. Attachments to the Complaint are similar, but more extensive and substantive. As best as the Court can ascertain, Plaintiff mailed nonsensical and frivolous documents to an Assistant United States Attorney in this District "authorizing" her to use his credit to settle a nonexistent debt he believes exists in relation to his criminal case. When he received no response, he then sent further mailings which he believes establish some type of "dishonor" or default that entitles him to $4,000,000 in damages.

As an initial matter, the Court notes that it appears that Plaintiff may be attempting to undermine conviction or sentence in this Court. If so, Plaintiff may not do so without first showing that such conviction was reversed on direct appeal, expunged by Executive Order, or, finally, called into question on collateral review. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's conviction in this Court remains valid and in effect. Therefore, to the extent his claims undermine it, they should be dismissed.

Even if Plaintiff's claims do not somehow undermine his conviction, they still fail because they are utterly frivolous. There is not now and never was any account or debt associated with Plaintiff's criminal conviction other than $200 in special assessments. Neither can his criminal convictions somehow be paid off through use of his credit. Essentially, Plaintiff made nonsensical submissions the United States's Attorney's Office demanding $4,000,000, it did not provide him with the money, and Plaintiff now seeks to have the Court order the payment. Such a claim is utterly frivolous and does not state any cognizable claim for relief. The Court should dismiss this action.

Finally, to the extent Plaintiff is seeking damages from Defendant for any actions a prosecutor took as part of his criminal prosecution, immunity bars such relief. Prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff's claims should be dismissed for this additional reason.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial partial payment if funds are available for such a payment. According to Plaintiff's *in forma pauperis* application, there are no such funds. Therefore, the Court will not order any partial payment,

but will order that Plaintiff's custodian deduct money from Plaintiff's prisoner trust account if funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of December of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A because it is frivolous, fails to state a claim on which relief may be granted, and seeks monetary damages from a defendant with immunity from such relief.

This, the 6th day of November, 2023.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                    **United States Magistrate Judge**